UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BUSSARD,

       Plaintiff,

v.

                                    Civil Action No. 13-10877

                                    HON. MARK A. GOLDSMITH

SHERMETA, ADAMS AND
VON ALLMEN, P.C.,

       Defendant.
_____/

## OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. 6)

### I. INTRODUCTION

This is a Fair Debt Collection Practices Act (FDCPA) case. Plaintiff Michael Bussard has filed a three-count complaint against Defendant Shermeta, Adams & Von Allmen, P.C. alleging violations of the FDCPA, the Michigan Occupation Code (MOC), and the Michigan Collections Practices Act (MCPA). Defendant has filed a motion to dismiss (Dkt. 6) that is fully briefed. Oral argument was held on June 6, 2013. For the reasons stated below, the Court grants the motion to dismiss.

### II. BACKGROUND

According to the complaint, Defendant is attempting to collect a debt allegedly owed by Plaintiff to National Collegiate Student Loan in the amount of $4,079.02. Compl. ¶ 6. Plaintiff filed a Chapter 7 bankruptcy petition and obtained a Discharge of Debtor (Discharge) on October 21, 2009. Discharge (Dkt. 9-2).

On January 4, 2013, Defendant sent Plaintiff a letter attempting to collect on the alleged debt.  Compl. ¶ 8.  On January 8, 2013, Plaintiff called Defendant and informed it that his debt was discharged in his bankruptcy.  Compl. ¶ 9.  Plaintiff then obtained his Experian credit report and noticed that Defendant obtained his credit report in December 2012.  Compl. ¶ 10.  Plaintiff, through counsel, sent Defendant a letter demanding validation of the debt as is his right under the FDCPA.  Compl. ¶ 11.  Defendant responded to Plaintiff's letter and again, attempted to collect on the debt by stating, "If you wish to discuss a payment plan or a settlement of this matter, you may contact our Recovery Department."  Compl. ¶ 12.  Plaintiff then filed suit alleging violations of the FDCPA, MOC, and MCPA.

### III. ANALYSIS

Defendant makes four arguments for dismissal.  First, Defendant argues that it never violated the FDCPA in attempting to collect on Plaintiff's debt because Plaintiff's debt was never discharged in bankruptcy.  Defendant contends that Plaintiff has not demonstrated that he has discharged the debt in bankruptcy because Plaintiff's debt was a "qualified education loan," which is exempt from discharge in bankruptcy.  Defendant's reply brief reiterates this argument.  Second, Defendant argues that the Court should not exercise supplemental jurisdiction over Plaintiff' state law claims.  Third, Defendant asserts that Plaintiff's claim alleging a violation of the Michigan Occupational Code does not apply to it.   Lastly, Defendant contends that it did not violate the Michigan Collections Practices Act because Plaintiff never discharged his debt.

In response, Plaintiff argues that he discharged his debt in bankruptcy.  Plaintiff's creditor, National Collegiate Trust (NCT), had the burden of objecting to discharge of the debt Defendant has been attempting to collect and carrying its initial burden of proving that 11 U.S.C. §

2

523(a)(8)(B) applies prior to Plaintiff's discharge. Furthermore, the order of discharge Plaintiff obtained in the bankruptcy court has not been appealed by NCT. Because Plaintiff discharged his debt in bankruptcy, Defendant's attempts to collect the debt violated the FDCPA. Plaintiff further contends that he has stated a claim under the MCPA for a similar reason as his FDCPA claim – Defendant attempted to collect a debt that Plaintiff did not have. Lastly, Plaintiff dismisses his claim under the MOC.

As Plaintiff's case turns upon Chapter 7 of the Bankruptcy Code, the Court first turns to that statutory scheme. Chapter 7 provides for a liquidation of a debtor's assets and a discharge of a debtor's debts, subject to exceptions. 11 U.S.C. §§ 523; 727. A discharge does not affect debt for an "educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986," unless "excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor." 11 U.S.C. § 523(a)(8)(B).[1] The United States Supreme Court has interpreted § 523(a)(8) as "self-executing," meaning that "[u]nless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt." Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440, 450 (2004).

The self-executing nature of § 523 requires "a debtor to bring an action to have a student loan adjudicated dischargeable, otherwise, the debt will not be subject to a court's order of discharge." In re Barrett, 417 B.R. 471, 475 (Bankr. N.D. Ohio 2009). "In a § 523(a)(8) action the creditor bears the initial burden of proving the debt exists and that the debt is of the type excepted from discharge under § 523(a)(8)." In re Bloch, 257 B.R. 374, 377 (Bankr. D.C. Mass. 2001). Once the creditor satisfied this initial burden, the debtor must then come forward and

---

[1] A "qualified education loan" is "any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses." 26 U.S.C. § 221(d)(1).

prove that "excepting the student loan debt from discharge" will create an "undue hardship" for the debtor and his dependents.  Id. (quotation marks omitted).

Here, Plaintiff admits that he did not file an adversary proceeding regarding 11 U.S.C. § 523, but denies that filing such a proceeding was necessary to discharge his debt.  Pl.'s Resp. at 2 (Dkt. 9).  The Court rejects this argument.  Plaintiff was required to affirmatively secure a hardship determination from the bankruptcy court to discharge his student loan debt.  Hood, 541 U.S. at 450.  Because § 523 is self-executing, Plaintiff had to bring an action to discharge the debt.  Id.  Plaintiff did not bring an action and the bankruptcy court did not make an undue hardship determination.  Plaintiff labors under the misconception that his educational debt was discharged.

The Court does not find Plaintiff's arguments to the contrary persuasive.  Plaintiff cites three bankruptcy cases in support of the contention that "the creditor bears the initial burden of proving the debt exists and that the debt is of the type excepted from discharge under § 523(a)(8)."  Pl.'s Resp. at 6.  But in each of these cases, the debtor had filed an adversary proceeding, which triggered the creditor's initial burden to prove that the debt existed and was the kind of debt excepted under § 523.  See In re Bloch, 257 B.R. at 375 ("This matter comes before the Court on the complaint of Lisa A. Bloch, the Chapter 7 Debtor, to determine the dischargeability of certain student loan obligations incurred by the Debtor prior to filing her Chapter 7 petition."); In re Bourque, 303 B.R. 548, 549 (Bankr. D.C. Mass. 2003) ("This matter came before the Court on the complaint by Jennifer Bourque (the Debtor) seeking the discharge of her student loan obligations on the basis of undue hardship pursuant to 11 U.S.C. § 523(a)(8)."); Educ. Credit Mgmt. Corp. v. Waterhouse,  333 B.R. 103, 107 (Bankr. W.D.N.C 2005) ("Appellee began adversarial proceedings on April 26, 2004, for discharge of his student loan debt pursuant to 11 U.S.C. §

523(a)(8) on the grounds that repayment of the debt would result in undue hardship."). In contrast to Plaintiff's authority, Plaintiff never initiated an adversary proceeding. Plaintiff merely filed a Chapter 7 petition. Bankruptcy Docket at 3 (Dkt. 6-2). Therefore, NCT – as creditor of Plaintiff – was never required to prove that the debt existed and that it was the kind of debt exempt from discharge under § 523.

The Court also rejects Plaintiff's contention that the bankruptcy court's Discharge of Debtor "in no way exempts" Plaintiff's debt from the discharge and that Plaintiff's debt "was subject to the Discharge of Debtor." Pl.'s Resp. at 6. The Discharge of Debtor attached to Plaintiff's response indicates that "[d]ebts for most student loans" are not discharged. Discharge at 2 (Dkt. 9-2). The Discharge also states that "[t]his information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case." Id. Plaintiff does not address this portion of the Discharge, which explicitly states that educational debt is not discharged and that the information it contains is only a summary.[2]

---

[2] Similarly, Plaintiff's insistence, at oral argument, that <u>United Student Aid Funds, Inc. v. Espinsosa</u>, 130 S.Ct. 1367 (2010) supports his case is misplaced for a few reasons. Notably, the instant case involved a discharge under Chapter 7, while <u>Espinosa</u> involved a discharge under Chapter 13. As the Sixth Circuit has explained, a "debtor who seeks relief under Chapter 13 commits to a debt repayment plan, completion of which entitles her to discharge of her remaining debts. <u>See</u> 11 U.S.C. §§ 1322-1328." <u>In re Cassim</u>, 594 F.3d 432, 435 (6th Cir. 2010). "A Chapter 13 repayment plan must meet numerous requirements, <u>see, e.g.</u>, [11 U.S.C.] § 1322, and can only be confirmed by the bankruptcy court if 'the debtor will be able to make all payments under the plan and to comply with the plan." <u>Id.</u> (citing 11 U.S.C. § 1325(a)(6)). Chapter 13 proceedings contrast with "Chapter 7 proceedings, through which a debtor is entitled to a discharge of debt as soon as her estate is liquidated and distributed." <u>Id.</u> (citing 11 U.S.C. § 727). In our case, Plaintiff never had a repayment plan, but rather had a discharge of debt when his estate was liquidated. <u>See</u> Bankruptcy Docket (Dkt. 6-2) (noting initiation and final decree of bankruptcy case under Chapter 7).

Furthermore, the Court rejects Plaintiff's argument that "Defendant violated 15 U.S.C. § 1692(e)(2)(A)" because Defendant misrepresented that Plaintiff owed any amount to NCT. Pl.'s Resp. at 9. However, Plaintiff makes this argument grounded in the basis that Plaintiff's educational debt was discharged. Because Plaintiff's educational debt was not discharged, Defendant did not violate the FDCPA when it contacted Plaintiff and informed him that he was still liable for the debt owed to NCT. Accordingly, the Court dismisses Plaintiff's FDCPA claim.

Without a federal claim left in the case, the Court declines to exercise supplemental jurisdiction over Plaintiff's MCPA claim. "Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. If the federal claims are dismissed before trial, the state claims generally should be dismissed as well." Brooks v. Rothe, 577 F.3d 701, 709 (6th Cir. 2009)

---

Furthermore, a footnote in Espinosa explained that the self-executing nature of § 523(a) "provides that a discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of the Code does not discharge an individual debtor from the debts described in 523(a)'s enumerated paragraphs." Espinosa 130 S.Ct. at 1379 n.11 (quotation marks and brackets omitted). One of the enumerated paragraphs referenced by Espinosa, § 523(a)(8), includes student loans. Because Plaintiff obtained a discharge under § 727, see Pl.'s Resp. at 4, § 523(a)(8) prevented the automatic discharge of Plaintiff's student loans. As explained by In re Walker, an Eighth Circuit case:

> Dischargeability of student loans is governed by § 523(a)(8), which provides, in relevant part, that a discharge under § 727 does not discharge an individual debtor from any debt for student loans, unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents. In contrast to many other types of debts, § 523(a)(8)'s exclusion of student loans from discharge is self-executing in the sense that, unless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt. In other words, a debtor's obligation on a student loan remains until there has been an express determination that the loan is dischargeable because it imposes an undue hardship on the debtor and the debtor's dependents.

In re Walker, 427 B.R. 471, 476 (B.A.P. 8th Cir. 2010) (quotation marks, brackets, and footnotes omitted). Clearly, Plaintiff had to initiate an adversary proceeding to discharge his student loan debt, but did not.

Having disposed of Plaintiff's FDCPA claim, it would be inappropriate to exercise jurisdiction over the state-law claim where there are no claims of original jurisdiction before the Court.

## IV. CONCLUSION

For the reasons stated above, the Court grants Defendant's motion to dismiss (Dkt. 6).

SO ORDERED.

Dated: July 3, 2013  s/Mark A. Goldsmith
Flint, Michigan  MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 3, 2013.

s/Amanda Chubb for Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager